IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY W. PHILLIPS,

    Petitioner,

vs.                                           No. CIV 18-0998 JB\SCY

RICHARD MARTINEZ and the
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed October 24, 2018 (Doc. 1)("Petition"). Petitioner Jerry W. Phillips challenges the constitutionality of his state court convictions for, among other things, criminal sexual penetration and kidnapping. See Petition ¶ 5, at 1. The Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Phillips to show cause why the Court should not dismiss his Petition as untimely under 28 U.S.C. § 2244(d)(1)(A). See Order to Show Cause, filed December 19, 2018 (Doc. 8). Having reviewed the Untitled Responsive Pleading, filed February 1, 2019 (Doc. 9)("Response"), the record, and applicable law, the Court will dismiss this habeas action with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court takes the following background information from the Petition and Phillips' state court criminal docket Case No. D-503-CR-2010-00288, which is subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(stating that courts have

"discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Stack v. McCotter, 79 F. App'x 383, 391-92 (10th Cir. 2003)(unpublished)[1](concluding that a state district court's docket sheet was an official court record subject to judicial notice under rule 201 of the Federal Rules of Evidence).

On December 2, 2010, the State of New Mexico charged Phillips with criminal sexual penetration, aggravated battery, violation of a restraining order, and kidnapping. See Phillips v. New Mexico, Case No. D-503-CR-2010-00288, Criminal Information (filed December 2, 2010, County of Eddy, 5th Judicial District, New Mexico). Phillips pled guilty to those charges in New Mexico's Fifth Judicial District Court (the "State Court") on April 5, 2011. See Petition ¶ 6, at 1; Phillips v. New Mexico, Case No. D-503-CR-2010-00288, Guilty/No Contest Plea Form (filed April 5, 2011, County of Eddy, 5th Judicial District, New Mexico). The State Court sentenced Phillips to twenty-one years imprisonment. See Petition ¶ 3, at 1. The State Court entered a

---

[1]Stack v. McCotter is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Stack v. McCotter, 79 F. App'x 383 (10th Cir. 2003)(unpublished), Sanders v. Mahaffey, 242 F.3d 390, 2000 WL 1730893 (10th Cir. 2000)(unpublished table opinion), Washington v. United States, 221 F.3d 1354, 2000 WL 985885 (10th Cir. 2000)(unpublished table opinion), and Gunderson v. Abbott, 172 F. App'x 806 (10th Cir. 2006)(unpublished), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Judgment on the conviction and sentence on August 23, 2011. See Phillips v. New Mexico, Case No. D-503-CR-2010-00288, CLS: Guilty Plea/Judgment (filed August 23, 2011, County of Eddy, 5th Judicial District, New Mexico). The criminal docket reflects that the State Court amended the Judgment on December 5, 2011. See Phillips v. New Mexico, Case No. D-503-CR-2010-00288, Amended Judgment (filed December 5, 2011, County of Eddy, 5th Judicial District, New Mexico). Phillips did not appeal. See Petition ¶ 12(c), at 8. He filed a Motion to Reconsider Sentence, which the State Court denied on April 20, 2012. See Phillips v. New Mexico, Case No. D-503-CR-2010-00288, ORD: Order Denying Motion to Reconsider (filed April 20, 2012, County of Eddy, 5th Judicial District, New Mexico). The conviction therefore became final -- at the latest -- on May 21, 2012, the first business day following the expiration of the thirty-day appeal period. See Locke v. Saffle, 237 F.3d 1269, 1271-1273 (10th Cir. 2001)(stating that, for purposes of [18 U.S.C.] § 2254, the conviction becomes final upon the expiration of the state appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within thirty days after entry of the judgment).

The State Court docket reflects that there was no substantive activity in the state criminal case between 2012 and 2018. See generally Phillips v. New Mexico, Case No. D-503-CR-2010-00288, Docket Sheet (County of Eddy, 5th Judicial District, New Mexico). On June 8, 2018, Phillips filed a Petition for Writ of Habeas Corpus ("State Habeas Petition") in State Court. See Phillips v. New Mexico, Case No. D-503-CR-2010-00288, RPN: Habeas Corpus Petition (filed June 8, 2018, County of Eddy, 5th Judicial District, New Mexico); Petition ¶ 11, at 3. On July 11, 2018, the State Court denied the State Habeas Petition. See Phillips v. New Mexico, Case No. D-503-CR-2010-00288, Order Denying Petition for Writ of Habeas Corpus (filed July 11, 2018,

County of Eddy, 5th Judicial District, New Mexico); Petition at 14. Phillips sought certiorari review with the Supreme Court of New Mexico, but the Supreme Court of New Mexico denied the certiorari petition by a mandate it issued August 14, 2018. See Petition at 16.

On October 24, 2018, Phillips filed his federal § 2254 Petition. See Petition at 1. He challenges the constitutionality of the New Mexico sex offender registry requirement. See Petition at 5-7. The Court screened the Petition under rule 4(b) of the Habeas Corpus Rules [2] and determined that the claims appeared time-barred. Accordingly, the Court directed Phillips to show cause why the Court should not dismiss his Petition. See Order to Show Cause at 3.

Phillips filed a response on February 1, 2019. See Response at 1. He attempts to overcome the time-bar by arguing that: (i) prison officials are miscalculating and/or adding years to his sentence; (ii) he entered the 2011 plea under duress and coercion; (iii) counsel rendered ineffective assistance in connection with the plea; and (iv) he was an addict for thirty years, and could not obtain counsel or legal help to file a habeas petition, and he only recently discovered caselaw addressing ineffective assistance of counsel and equitable tolling. See Response at 1-5. The matter is fully briefed and ready for review.

## LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS

A one-year statute of limitations governs petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). See 28 U.S.C. § 2244(d). Section 2244(d)(1)

---

[2]"Habeas Corpus Rules" refers to the Rules Governing Section 2254 Proceedings for the United States District Courts. Rule 4(b) mandates sua sponte dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record . . . that the moving party is not entitled to relief." Habeas Corpus Rule 4(b).

provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. See 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. See 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a petitioner files a state habeas corpus petition. See 28 U.S.C. § 2244(d)(2). Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). A state habeas

petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010). A state habeas petition submitted after the one-year deadline, however, does not toll the limitations period. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting that the petitioner could not take advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period.").

The one-year statute of limitations may also be subject to equitable tolling. Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file. See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling. See Sanders v. Mahaffey, 242 F.3d 390, 2000 WL 1730893, at *2 (10th Cir. 2000)(unpublished table opinion); Washington v. United States, 221 F.3d 1354, 2000 WL 985885, at *2 (10th Cir. 2000)(unpublished table opinion); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998).

A petitioner "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the Court can] address[] the merits of [his] claims." United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.). Accordingly, federal courts have authority to consider sua sponte a habeas petition's timeliness. See Wood v. Milyard, 566 U.S. 463, 472-73 (2012); Day v. McDonough, 547 U.S. 198, 209 (2006).

# LAW REGARDING § 2254 HABEAS CORPUS RELIEF

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that a state court adjudicated on its merits, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the Supreme Court of the United States of America's decisions when the state court issued its decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A state court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A court undertakes this objective unreasonableness inquiry in view of the governing rule's specificity: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. See Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state court decision applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision

conflicts with Supreme Court precedents.   See Harrington v. Richter. 562 U.S. at 102.

## ANALYSIS

The Court concludes that the Petition is untimely, because Phillips did not file it within the one-year statute of limitations.   The Court therefore will dismiss the Petition with prejudice.   The Court also will deny a certificate of appealability, because Phillips has not demonstrated a substantial showing that the Court denied his constitutional rights.

### I.     **THE PETITION IS UNTIMELY**.

Phillips challenges the constitutionality of his state court convictions for battery, for violation of a restraining order, for criminal sexual penetration, and for kidnapping.   See Petition at 5-7.   As noted in the Order to Show Cause, however, he did not file his Petition within the one-year limitation period.   The conviction became final -- and the one-year period began to run -- no later than May 21, 2012, when the appeal period expired with respect to the state criminal judgment and any motions to reconsider.   See Locke v. Saffle, 237 F.3d at 1271-73 (stating that, for § 2254's purposes, the conviction becomes final upon the expiration of the state appeal period). There was no state or federal case activity during the following year.   The limitation period expired on May 21, 2013 -- over five years before Petitioner filed the federal § 2254 proceeding on October 24, 2018.   See generally Phillips v. New Mexico, Case No. D-503-CR-2010-00288, Docket Sheet (County of Eddy, 5th Judicial District, New Mexico); Petition at 1.   The 2018 State Habeas Petition did not restart the clock or otherwise impact the federal limitation period.   See Gunderson v. Abbott, 172 F. App'x 806, 809 (10th Cir. 2006)(unpublished)("A state court [habeas] filing submitted after the . . . deadline does not toll the limitations period." (citing Fisher v. Gibson, 262 F.3d at 1142-43)).   Absent tolling, Phillips is therefore time-barred from bringing his Petition.

In his Response, Phillips attempts to overcome the time-bar by arguing that: (i) prison officials are miscalculating and/or adding years to his sentence; (ii) he entered the 2011 plea under duress and coercion; (iii) counsel rendered ineffective assistance in connection with the plea; and (iv) he could not obtain counsel to help him file a habeas petition, and he only recently discovered case law addressing ineffective assistance of counsel and equitable tolling. See Response at 1-5.

The alleged miscalculation of Phillips' sentence has no tolling effect, and this proceeding cannot resolve the issue. To "attack the execution of a sentence," including the miscalculation of the release date, Phillips must file a separate habeas proceeding under 28 U.S.C. § 2241. See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)("Petitions under § 2241 are used to attack the execution of a sentence, . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."). Phillips' arguments about his claims' merits and the circumstances surrounding his plea are similarly irrelevant. A habeas petitioner "must show that he can satisfy the procedural requirements of" the AEDPA "[b]efore [the Court can] address[] the merits of [his] claims." United States v. Greer, 881 F.3d at 1244.

The Court discerns that Phillips' remaining arguments -- that he is pro se and only recently became aware of Supreme Court jurisprudence governing habeas claims -- are directed at equitable tolling. See Response, Doc. 9 at 4-5. Equitable tolling "is only available when an inmate diligently pursues [the] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [the inmate's] control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support [a] claim of extraordinary circumstances." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). The Tenth Circuit has held that the lack of legal counsel and ignorance of the law are not "extraordinary circumstances" warranting equitable tolling. See Marsh v. Soares, 223 F.3d at 1220 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)). Phillips has therefore not demonstrated grounds for equitable tolling or otherwise overcome the time-bar, and the Court thus will dismiss this § 2254 proceeding.

## II. THE COURT WILL DISMISS THE PETITION WITH PREJUDICE.

In the event the Court finds that the Petition is time-barred, Phillips asks that any dismissal be characterized as a "withdrawal without prejudice." Response at 5. The Court will deny this request, for two reasons. First, it makes no difference if the Petition is dismissed with or without prejudice. Either way, the current § 2254 claims are barred, and Phillips cannot refile this proceeding. See supra, § I.

Second, even if the Court permits withdrawal, any later § 2254 filing will still be subject to the restriction on second or successive habeas petitions. "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). "For a petition to be second or successive, it must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." Thai v. United States, 391 F.3d 491, 494 (2d Cir. 2004)(quoting Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002)). The Tenth Circuit has held that a petition counts as the first § 2254 proceeding where

the petitioner tries to withdraw his pleading after seeing the "clear handwriting on the wall" in a magistrate judge's report. Hurd v. Mondragon, 851 F.2d 324, 329 (10th Cir. 1988). The Order to Show Cause here sets out the time-bar in detail, demonstrating that the one-year period expired over five years before Phillips filed the federal § 2254 proceeding. See Order to Show Cause at 2-3. This proceeding therefore counts as Phillips' first § 2254 action, and allowing him to withdraw the Petition without prejudice affords no relief. The Court will dismiss the Petition with prejudice.

### III.   THE COURT WILL DENY THE CERTIFICATE OF APPEALABILITY.

Habeas Corpus rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Habeas Corpus Rule 11. A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons above, Phillips has not demonstrated that the time-bar is debatable. The Court will therefore deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed October 24, 2018 (Doc. 1), is dismissed with prejudice; (ii) a certificate of appealability is denied; and (iii) a separate Final Judgment will be entered disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jerry W. Phillips
Otero County Prison Facility
Chaparral, New Mexico

    *Pro se petitioner*